IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-09-68-D |
| BRENT MUELLER, | ) | |
| Defendant. | ) | |

**NOTICE CONCERNING POSSIBLE JUDICIAL DISQUALIFICATION**

The Court discloses for the record, and consideration of the parties, personal circumstances that may draw into question the assigned judge's impartiality to preside over further proceedings in this case.

The undersigned's brother, Stephen DeGiusti, has accepted employment with Quest Resource Corporation and will assume the position of General Counsel. His responsibilities will include providing advice and counsel to senior management of the corporation and related entities, including Quest Energy Partners, L.P. Also, as part of his compensation package, he initially will receive stock in Quest Resource Corporation and/or Quest Energy Partners, L.P.

The Court is aware that Quest Resource Corporation and/or Quest Energy Partners, L.P. is an alleged victim of the criminal offense with which Defendant is charged in this case. It is the Court's understanding from available information that a claim for restitution asserted by Quest Resource Corporation and/or Quest Energy Partners, L.P. may be a contested issue at sentencing.

Research reveals that a crime victim is not a "party" to a criminal case within the meaning of 28 U.S.C. § 455(b). *See United States v. Rogers*, 119 F.3d 1377, 1384 (9th Cir.1997); *see also United States v. Sellers*, 566 F.2d 884, 887 (4th Cir.1977). Further, the undersigned has no reason

to believe that his brother will act as a lawyer for Quest Resource Corporation or Quest Energy Partners, L.P. in this proceeding or is likely to be a material witness, and the undersigned has no knowledge that his brother has an interest that could be "substantially affected by the outcome of the proceeding." *See* 28 U.S.C. § 455(b)(5)(iii). It is less clear, though, whether the circumstances are such that the impartiality of the undersigned might reasonably be questioned in this proceeding as a result of his brother's position with, and interest in, the alleged crime victim. *See* 28 U.S.C. § 455(a). Therefore, in an abundance of caution, the Court will implement the remittal procedure recommended by the Judicial Advisory Committee on Codes of Conduct.

Accordingly, the Court hereby informs the parties of the above circumstances that may justify disqualification of the undersigned. A party who wishes to object to the undersigned's continued participation in this case shall orally inform the Clerk of Court, Robert Dennis, on or before January 20, 2010. The Clerk is instructed not to inform the undersigned of the identity of the objecting party, but simply to inform the Court if any objection is received. If any party objects, the undersigned will recuse.

DATED this __14th__ day of January, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE